

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-28-2009

# Cristino Castro-Morales v. David Ebbert

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2026

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Cristino Castro-Morales v. David Ebbert" (2009). *2009 Decisions.* Paper 763.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/763

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2026
_____

CRISTINO CASTRO-MORALES,
                                        Appellant
vs.

WARDEN DAVID EBBERT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 07-cv-02025)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 25, 2009
Before:  SCIRICA, Chief Judge, CHAGARES and WEIS, Circuit Judges

(Opinion filed August 28, 2009)
_____

OPINION
_____

PER CURIAM.

Cristino Castro-Morales appeals the district court's order denying his

petition for writ of habeas corpus.  For the following reasons, we will affirm the district

court's judgment.

Castro-Morales is a Mariel Cuban and currently a detainee of the Bureau of

1

Immigration and Customs Enforcement (BICE). In April 1986, in the Philadelphia Court of Common Pleas, Castro-Morales was found guilty of rape, involuntary deviate sexual intercourse, and burglary. The court sentenced Castro-Morales to consecutive sentences of four to eight years. While serving his sentence, Castro-Morales pleaded guilty to assault by a prisoner and received another consecutive sentence of nine months to two years. On February 2, 2000, the Immigration and Naturalization Service served Castro-Morales with a notice to appear charging him as removable for commission of a crime involving moral turpitude pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I). On October 29, 2001, the Immigration Judge (IJ) ordered that Castro-Morales be removed to Cuba, but deferred his deportation under Article III of the Convention Against Torture. The INS appealed, and on May 17, 2002, the Board of Immigration Appeals (BIA) vacated the IJ's decision to grant Castro-Morales's deferral of removal and ordered him removed to Cuba.

After serving his sentence, BICE took Castro-Morales into custody. The Cuban Review Panel, pursuant to 8 C.F.R. § 212.12, has recommended Castro-Morales's continued detention due to his criminal history and his mental illness.

On November 19, 2008, BICE's Assistant Secretary continued Castro-Morales's detention under 8 C.F.R. § 241.14(f) which allows BICE to detain specially dangerous aliens. On December 3, 2008, BICE referred the matter to an IJ for a review of the Assistant Secretary's decision in accordance with 8 C.F.R. § 241.14(g). On January 28, 2009, the IJ found that BICE had established reasonable cause to go forward with a hearing on the merits of Castro-Morales's detention. Meanwhile, in November 2007,

2

Castro-Morales filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2241. On February 19, 2009, the district court, in light of the ongoing administrative review process, dismissed Castro-Morales' habeas petition without prejudice. On February 24, 2009, the IJ determined that Castro-Morales is both a threat to society and himself and continued his confinement. Castro-Morales then filed a motion for reconsideration, noting the IJ's adverse decision. The district court denied the motion, observing that Castro-Morales still had administrative appeal rights. Castro-Morales filed a timely notice of appeal from that order.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We agree with the district court that Castro-Morales must exhaust his available administrative remedies before seeking habeas relief. See Yi v. Maugans, 24 F.3d 500, 503-04 (3d Cir. 1994). Under 8 C.F.R. § 241.14(i)(4), it appears that Castro-Morales may appeal the IJ's adverse decision to the BIA. Therefore, because Castro-Morales has not yet completed his appeal to the BIA, the district court properly dismissed his petition.